BERNARD ALGER *vs.* THOMPSON B. COLWELL & wife.

A bond to pay all the debts and legacies of the testator, given to the judge of probate by an executor and residuary legatee, who has thus been excused from returning an inventory within three months, cannot, after the expiration of a year and a half, be cancelled or surrendered by the judge of probate, nor by this court.

PETITION, presented to the judge of probate for the county of Bristol, on the 6th of September 1853, by the executor and residuary legatee of Rachel Alger, representing that, on the 9th of January 1852, he gave bond, with sureties, to the judge of probate, to pay her debts and legacies; that she in fact left no assets wherewith to pay said debts and legacies; that the bond was executed by the petitioner "under an entire and absolute mistake of fact in the premises; that he did not know that he was undertaking, and did not ever intend to undertake to pay the said debts and legacies; but that said bond was executed by him in the confusion and excitement of a probate court; and that his attention was not called to the provisions and terms of said bond;" and praying that said bond might be given up and cancelled, and that commissioners might be appointed to receive proof of claims against the estate. The judge of probate disallowed the petition, and the petitioner appealed. *Merrick*, J. before whom a hearing was had, reserved the question of law arising upon the facts stated in the petition for the consideration of the full court.

*E. H. Bennett*, for the appellant. This court, as the supreme court of probate, has power to cancel or redeliver the bond to pay debts and legacies, and in its place accept the ordinary bond and permit the filing of an inventory. If the bond in question was given in mistake of fact, it is a proper exercise of the discretion of the court to allow it to be withdrawn. The cases of *Stebbins* v. *Smith*, 4 Pick. 97, and *Jones* v. *Richardson*, 5 Met. 247, which tend to show that between the executors and creditors of the testator, seeking to charge him, such a bond is conclusive evidence of assets, do not show that the executor may not apply to the obligee of his bond to allow it to be withdrawn.

But even if the bond to pay debts and legacies be not cancelled, yet the executor is not estopped to represent the estate insolvent.

*E. Ames,* for the appellees.

MERRICK, J.  The bond which the petitioner prays to have given up and cancelled was given by him to the judge of probate, upon receiving letters testamentary as executor of the last will of Rachel Alger, which had been duly proved and allowed.  As he was the residuary legatee named in the will, he had the privilege of determining whether he would give bond to make and return to the probate court within three months a true inventory of all the real and personal estate of the testator, or a bond to pay all the testator's debts and legacies.  Rev. Sts. 63, §§ 2, 3.  He voluntarily chose the latter.  That excused him from returning an inventory.  Rev. Sts. *c.* 65, § 1. Availing himself of the benefit and indulgence conceded to an executor who is also a residuary legatee, he has thereby deprived the other legatees and creditors of the advantage they would otherwise have enjoyed of finding in the inventory returned into the probate office authentic and conclusive evidence of the existence of assets.

The objections to granting the prayer of the petitioner to cancel and surrender to him the bond thus given to the judge of probate are obvious and decisive.  In the first place, while the statute expressly requires that every executor shall give bond with surety or sureties in one of the two forms which it prescribes, as preliminary to his entering upon the execution of his trust, no authority is conferred, there or elsewhere, upon the judge of probate or upon this court, to cancel, abrogate or annul it.  And even if such authority could be supposed to exist in this court, as an undefined part of its general power and jurisdiction, (which we by no means intend to intimate,) to be exercised upon fit occasions and under proper circumstances, the petitioner has presented no case which could justify its intervention.  It cannot be pretended that he would have a right to administer the estate without giving any bond.  By his delay of more than a year and a half from the time of the issuing of the letters testamentary before filing this petition, he has rendered it impossible

that there should be a compliance with the positive requirements of law that an inventory should be returned into the probate office within three months from that date. And by this delay, under a bond given to pay all debts and legacies, he has prevented the activity and vigilance of all persons interested in the estate in seeking to discover assets, or what disposition may have been made of them, until it may now be too late to exert it. For these reasons, we think that the decision of the judge of probate refusing to cancel the bond was correct. And as that stands as a security to creditors for the payment of their debts in full, there was no occasion to appoint commissioners to receive and examine their claims, and he was therefore correct also in refusing to appoint them.                    *Decree affirmed*